**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ROTHSCHILD BROADCAST | § | |
| DISTRIBUTION SYSTEMS, LLC | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | PATENT CASE |
| | § | |
| BELKIN INTERNATIONAL, INC. | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

## COMPLAINT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "RBDS") files this Original Complaint against Belkin International, Inc. ("Defendant" or "Belkin") for infringement of United States Patent No. 8,856,221 (hereinafter "the '221 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code.  Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4.      On information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, and having its principal office and place of business at 12045 E. Waterfront Drive, Playa Vista, CA 90094 USA.

5.      On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district.  In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO 8,856,221)

8.      Plaintiff incorporates paragraphs 1-7 herein by reference.

9.      This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

10.     Plaintiff is the owner by assignment of the '221 Patent with sole rights to enforce the '221 Patent and sue infringers.

11.     A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

12.     The '221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '221 Patent by making, using, importing,

selling, and/or offering for media content storage and delivery systems and services covered by one or more claims of the '221 Patent.

14.     On information and belief, Defendant sells, offers to sell, and/or uses media content storage and delivery systems and services, including, without limitation, the Belkin NetCam, and any similar products ("Product"), which infringes at least Claim 1 of the '221 Patent.

15.     On information and belief, the Product necessarily includes at least one server for hosting and storing media content for customers.  For example, the Product necessarily includes at least one server (e.g., a cloud server) to store recorded security videos.

16.     On information and belief, the at least one server necessarily includes a first receiver configured to receive a request message including data indicating requested media content (e.g., the server must have infrastructure to receive a request to store recorded security videos in the cloud or to stream recorded video (e.g., on a smartphone); additionally, the request message must contain data that identifies the video to be stored or streamed) and a consumer device identifier corresponding to a consumer device (e.g., the user credentials are used to tie a smartphone and user account to particular cameras and the videos they produce).

17.     On information and belief, the Product necessarily includes a processor to determine whether the customer's device is registered (e.g., the server must include a processor that authenticates a user's account credentials and ensures that those credentials match those registered with a security camera which a user would like to access).

18.     The Product provides for both media downloads and/or storage, and media streaming.  On information and belief, a processor within Defendant's system necessarily determines whether the request received from a customer is a request for storage (e.g.,

recording or storing content) or content (e.g., streaming of media content).

19.     On information and belief, the Product must verify that media content identified in the media data of the storage request message (e.g., request to record content) is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage  (e.g., the server must verify that a particular security camera is adequately connected to the internet as to allow for video recording and storage on the cloud; additionally, a user must have a current premium subscription to store video to the cloud, thus media content may not be available for storage if a user's premium subscription is not current).

20.     If a customer requests content (e.g., live streaming of media content), then, on information and belief, a processor within the Product necessarily initiates delivery of the content to the customer's device.

21.     The media data includes time data that indicates a length of time to store the requested media content (e.g. a user is allowed to store videos for up to 14 days; additionally, the recorded videos will only be stored until the expiration date of a user's premium subscription).

22.     On information and belief, the server must first determine whether the requested media content exists prior to initiating delivery in order to prevent data errors that would result from attempting to transmit media content that does not exist (e.g., the server must verify that a particular security camera is adequately connected to the internet as to allow for video recording and streaming).

23.     After the processor determines whether the requested media content is available it determines whether there are restrictions associated with the requested media content (e.g., in the instance of a user's "friend" being linked to the account, the server will verify that the

friend is allowed to stream video from a particular camera; friend permissions can be altered by the user at any time and the server much verify the current permissions status before delivering content to a friend's device).  Friends can the added removed by the user at any time, thus requiring that the server verify the status of the friend before allowing them to view the content from a shared camera.  A user can also toggle a camera between shared and private and, thus, the server must verify the camera status before allowing a friend to access a camera's video feed.

24     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

25.    Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

26.    Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)    Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)    Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)      Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)      Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: March 15, 2017                    Respectfully submitted,


                                         */s/ Jay Johnson*
                                         **JAY JOHNSON**
                                         State Bar No. 24067322
                                         **D. BRADLEY KIZZIA**
                                         State Bar No. 11547550
                                         **KIZZIA JOHNSON, PLLC**
                                         1910 Pacific Ave., Suite 13000
                                         Dallas, Texas 75201
                                         (214) 451- 0164
                                         Fax: (214) 451- 0165
                                         jay@kpllc.com
                                         bkizzia@kpllc.com

                                         **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A